UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS - EASTERN DIVISION

| | |
|---|---|
| KAREN DeRANGO, | )<br>) |
| Plaintiff, | )<br>) |
| vs. | ) No.<br>) |
| METROPOLITAN LIFE INSURANCE CO., | )<br>) |
| Defendant. | ) |

## COMPLAINT

NOW COMES, the Plaintiff, KAREN DeRANGO, by and through her attorneys, Fritzshall & Pawlowski, and for her Complaint for disability benefits against Defendant states as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this action and the parties pursuant to 29 USC § 1132(e) in that the matter is brought under the Employee Retirement Income Security Act of 1974, 29 USC §§ 1001 et seq, ("ERISA") and more particularly § 502(a)(1)(B) and § 502(c) of said Act.

2. Venue lies in this district pursuant to 28 U.S.C. § 1391(a) in that a substantial part of the events giving rise to the claims herein occurred in the Northern District of Illinois.

### THE PARTIES

3. Plaintiff, Karen DeRango, is a resident of Cook County, Illinois.

4. Defendant Metropolitan Life Insurance Company, ("MetLife") is a corporation and an insurance company with its principal place of business in New York, New York.

5. At all times relevant hereto, MetLife was duly registered and authorized to do insurance business in the State of Illinois and regularly conducted substantial insurance business in Illinois.

6. On or about 2014, Karen was an employee of RCN Business insured under a group policy of insurance with MetLife that included disability insurance coverage. Karen has requested a coy of the plan from MetLife but MetLife failed to provide her with a copy of the plan.

7. In September 2014, Karen made a claim of disability under the policy for her fibromyalgia and osteoarthritis along with emotional distress caused by those conditions. The short term disability claim was approved until December 5, 2014.

8. The benefits were extended to December 31, 2014.

9. MetLife declined further coverage after December 31, 2014.

10. Karen sought future benefits from MetLife and proceeded to follow the appeal process provided by MetLife resulting in a denial letter dated April 6, 2015, attached hereto as Ex. A.

11. Other than one check on April 23, 2015, for $1252.22, MetLife has paid no further disability benefits of any kind after December 31, 2014.

12. Karen has suffered disability as defined under the policy and has not worked since at least September 29, 2014, as a result of her disability.

13. Karen was terminated from her employment shortly after the April 6, 2015, denial letter. She has not worked since due to her conditions. Karen's position with RCN was Enterprise Account Executive which consisted of customer calls on products along with travel to service customers.

14. As a result of her conditions, Karen has been wholly and continuously disabled and under professional care and regular attendance of a legally qualified physician and mental health professional.

15. Due to Karen's medical condition, she is functionally impaired and unable to work resulting in her being disabled according to the plan.

16. On October 1, 2014, Karen was less than 60 years of age.

17. Karen has performed all conditions of the policy to be performed on her part.

18. Under the terms of the policy, MetLife is liable to Karen for disability benefits from January 1, 2015, forward.

19. MetLife failed to consider evidence offered by Karen establishing her disability and failed to provide Karen with the opportunity for a full and fair review of her claim.

20. The denial of Karen's benefits was arbitrary, capricious and not in good faith, unsupported by substantial evidence, erroneous as a matter of law, and in violation of ERISA.

21. As a direct and proximate result of MetLife's actions, Karen has been forced to incur attorney's fees and costs.

WHEREFORE, Karen prays that this Honorable Court enter an order as follows:

1. An order requiring MetLife to pay Karen all disability benefits accrued and unpaid to the date of judgment.

2. An order for MetLife to designate Karen as disabled under the Plan and continue her benefits thereunder.

3. An order for MetLife to pay Karen's attorney's fees and costs.

4. For such other and further relief as this court deems equitable and proper.

Respectfully submitted,
Plaintiff

By: _____
One of its attorneys

**FRITZSHALL & PAWLOWSKI**
**6584 N. Northwest Hwy.**
**Chicago, IL 60631**
**773/763-4400**
**773/763-2805 Facsimile**